# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-543V
Filed: September 2, 2016
Not for Publication

```
*************************************
KEVIN McERLEAN,                      *
                                     *
              Petitioner,            *
                                     *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
*************************************
```

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On July 28, 2016, the undersigned issued a decision awarding attorneys' fees and costs to petitioner. The undersigned awarded $57,403.29 in attorneys' fees, $18,567.57 in attorneys' costs, and $1,299.04 in petitioner's costs. On August 17, 2016, petitioner filed a Motion for Reconsideration, asking the undersigned to reconsider her decision to not compensate petitioner for the $10,605.94 he expended hiring a life care planner. On August 22, 2016, respondent filed a response to petitioner's Motion for Reconsideration. On August 29, 2016, petitioner filed a reply to respondent's response. This matter is now ripe for adjudication.

The undersigned chose not to reimburse petitioner for the costs associated with preparing a life care plan because petitioner's attorney hired a life care planner due to a misunderstanding of his client's case. Petitioner's counsel explained in a status report filed on February 3, 2014 that he needed to hire a life care planner because "petitioner's condition includes chronic and permanent conditions related to his vaccine injury . . . ." Status Rep. at 1. However, during the entitlement

---

[1] Because this unpublished order contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished order on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions or orders of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision or order is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

hearing, petitioner testified that he did not anticipate incurring any medical expenses in the future due to his alleged vaccine injury.

In his Motion for Reconsideration, petitioner directs the undersigned's attention to the letter written by Dr. Dambeck, petitioner's treating doctor, which petitioner filed on December 5, 2013. Ex. 12. Petitioner states that this letter "provides a history which describes chronic problems that petitioner is suffering that relate to his vaccine injury." Reply at 1. Petitioner's counsel further explains that his "recollection . . . is that [petitioner] testified that his injury still caused problems, especially with traveling." Id. at 2.

In her response, respondent argues that the undersigned should deny petitioner's motion because the undersigned's decision not to award costs for the preparation of a life care plan "reflected an appropriate exercise of her discretion." Resp. at 1. In his reply to respondent's response, petitioner asks how respondent can object to petitioner hiring a life care planner when both parties hired a life care planner. Reply at 1.

Petitioner does not introduce any new evidence or information in his Motion for Reconsideration. The undersigned considered Dr. Dambeck's letter when deciding the attorneys' fees and costs portion of this case. In the letter, Dr. Dambeck does state he believes it is likely petitioner "will have intermittent flare ups of pain, trigger points, and possibly continued weakness and decreased range of motion." Ex. 12, at 1-2. He further states that "there is a role for therapy to help with this and when he has exacerbations he may need another round of therapy." Id. at 2. However, Dr. Dambeck says that petitioner's "nerve recovery is likely as recovered as it will ever be and he will have to continue with home exercise programs routinely to prevent recurrences of pain and to keep optional range of motion and function present." Id.

Petitioner's counsel's characterization of the letter as raising questions about petitioner's "long term care needs" is inaccurate. Pet'r's Mot. at 2. While Dr. Dambeck did write that petitioner's condition is chronic, he did not recommend extensive therapies which would need to be evaluated by a life care planner. Life care planners may reasonably be used to evaluate the cost of various therapies, which could include physical, speech, and occupational therapies. It is also reasonable to use a life care planner to determine the costs of various home modifications that petitioners may need, or for evaluating the cost of institutional placement for those who cannot live on their own.

This is quite different from the role that petitioner's life care planner played in the instant case. Dr. Dambeck states that petitioner's "nerve recovery is likely as recovered as it will ever be." Ex. 12, at 2. He does raise the point that "petitioner may need another round of therapy." Id. However, his main recommendation for treatment was routine home exercises. Id. This hardly represents the type of treatment plan that needs to be analyzed by a life care planner. In fact, it likely would have been more useful for petitioner's attorney to discuss petitioner's future treatment needs with Dr. Dambeck, who was petitioner's treating doctor. Instead, petitioner's counsel either did not understand his client's future treatment needs or chose not to do the work to find out his client's needs and simply relegated that work to a life care planner.

      Petitioner argues that the undersigned should find his expense for a life care planner reasonable because respondent also hired a life care planner.   It is clear from the record, however, that respondent only hired a life care planner because petitioner chose to retain a life care planner.  Therefore, the undersigned does not find this argument convincing.

      For the reasons stated above, the undersigned maintains that the $10,605.94 petitioner requested for hiring a life care planner was unreasonable.   Accordingly, petitioner's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>September 2, 2016</u>             <u>/s/ Laura D. Millman</u>
                                                                                            Laura D. Millman
                                                                                            Special Master